UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MICHAEL RAFAEL SÁNCHEZ-OXIO,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 10-1960 (JAF)

(Crim. No. 06-241)

**OPINION AND ORDER**

Petitioner, represented by counsel, petitioned under 28 U.S.C. § 2255 for relief from a federal court conviction. (Docket No. 1.) Thirteen days later, counsel filed a supplemental petition, and memorandum in support thereof, prepared by Petitioner on his own behalf; counsel noted that he endorsed no argument Petitioner made that conflicted with the initial filing. (Docket No. 2.) Counsel also moved for discovery or an evidentiary hearing as to one of the grounds set forth in the initial petition. (Docket No. 5.) Respondent opposes § 2255 relief (Docket No. 13), and Petitioner does not respond.

**I.**

**Factual Background**

Petitioner was indicted as a felon in possession of a firearm, and as an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Crim. No. 06-241, Docket No. 1.) A jury convicted him on that charge, and this court sentenced him to 210 months imprisonment.

Civil No. 10-1960 (JAF) -2-

(Id., Docket Nos. 55; 64.) Petitioner appealed his conviction and sentence; upon reviewing appellate counsel's brief filed in accordance with Anders v. California, 386 U.S. 738 (1967), the First Circuit concluded that there were no non-frivolous issues for appeal and affirmed Petitioner's conviction and sentence. United States v. Sanchez-Oxio, No. 07-1961 (1st Cir. Apr. 10, 2009). On October 5, 2009, the U.S. Supreme Court denied Petitioner a writ of certiorari. Sanchez-Oxio v. United States, 130 S. Ct. 245 (2009).

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner is entitled to an evidentiary hearing unless the "allegations, even if true, do not entitle him to relief, or . . . need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (quoting David v. United States, 134 F.3d 470, 477 (1st Cir. 1998)) (internal quotation marks omitted); see also § 2255(b).

## III.

### Analysis

In Petitioner's initial petition, filed by counsel, he asserts three grounds to show that he received ineffective assistance of trial and appellate counsel. (Docket No. 1.) His supplemental

Civil No. 10-1960 (JAF)                                                                                       -3-

filing reiterates two of those three grounds and adds seven others. (See Docket No. 2-1.) Respondent opposes, claiming that the grounds added in the supplemental filing are time barred and that all grounds lack merit. (Docket No. 13.)

**A.     Time Bar**

An individual has one year to file a § 2255 petition from the date on which his judgment of conviction becomes final. § 2255(f)(1). As the U.S. Supreme Court denied Petitioner a writ of certiorari on October 5, 2009, Petitioner had until October 5, 2010, to file the instant petition. (See Docket Nos. 1 at 2; 13 at 7.) The initial petition in this case was filed on October 5, 2010, and is, therefore, timely; the supplemental petition was thirteen days late. We construe the supplemental petition as an amendment of the initial filing.

"Federal Rule of Civil Procedure 15 governs amendments to habeas petitions in a § 2255 proceeding." United States v. Ciampi, 419 F.3d 20, 23 (1st Cir. 2005). Under Rule 15(c)(2), amended claims "relate back" to the date of the initial filing, so long as the amended claims "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Id. (quoting Fed. R. Civ. P. 15(c)(2)). In the habeas context, however, "the Rule 15 'relation back' provision is to be strictly construed, in light of 'Congress' decision to expedite collateral attacks by placing stringent time restrictions on [them].'" Id. (alteration in original) (quoting Mayle v. Felix, 545 U.S. 644, 657 (2005)). "Accordingly, amended habeas corpus claims generally must arise from the 'same core facts,' and not depend upon events which are separate both in time and type from the events upon which the original claims depended." Id. at 24 (quoting Mayle, 545 U.S. at 657).

The grounds set forth in Petitioner's initial filing are as follows: (1) counsel did not challenge the application of 18 U.S.C. § 924(e), when the government did not prove, nor did Petitioner stipulate to, the existence of more than one prior conviction; (2) counsel did not pursue reconsideration of First Circuit precedent holding that under § 924(e), the prior convictions need not have been separated by terms of imprisonment; and (3) counsel did not present evidence that one of the arresting, testifying officers stated before trial that he did not recall the facts of the case. (Docket No. 1.) The supplemental filing reiterates grounds two and three (see Docket No. 2-1 at 10, 12 (reiteration labeled grounds one and four, respectively)) and adds seven others. Specifically, Petitioner adds: (1) counsel failed to exact an explanation from the sentencing judge as to why the judge imposed a 210-month sentence (id. at 10–11); (2) counsel failed to challenge the imposition of a sentence above the fifteen-year statutory minimum (id. at 11); (3) counsel stipulated prior convictions that were obtained through guilty pleas that were invalid because Petitioner did not know the consequences of pleading guilty (id. at 13); (4) counsel failed to move for suppression of evidence prior to trial (id.; Docket No. 2-2 at 3–8); (5) counsel failed to thoroughly investigate Petitioner's case (Docket Nos. 2-1 at 13; 2-2 at 8–12); (6) counsel did not challenge the government's use of improper evidence to prove Petitioner's prior convictions (Docket Nos. 2-1 at 13; 2-2 at 12–14, 20–23); and (7) counsel committed substantive cumulative errors (Docket Nos. 2-1 at 13; 2-2 at 15–18).

The grounds added in Petitioner's supplemental filing focus on facts different in time and type from those alleged in the initial filing. The initial filing relies on counsel's decisions not to (1) challenge the application during sentencing of prior convictions, in that they were not

Civil No. 10-1960 (JAF)                                                                                           -5-

proven to the jury as elements of the crime alleged; (2) pursue the First Circuit's reconsideration of its precedent regarding separation between prior convictions; and (3) communicate to the jury that an arresting, testifying officer could not recall the facts of the case during a pretrial interview. (Docket No. 1.) Petitioner reiterates the facts underlying initial grounds two and three, but the remaining supplemental allegations arise out of different decisions made by counsel. (See Docket Nos. 2-1; 2-2.) Since those decisions were made at a different time and arose out of different considerations, the new allegations do not "relate back" to the time of Petitioner's initial habeas filing. See Ciampi, 419 F.3d at 24. They are, therefore, untimely, and we will not consider them.[1]

**B.   Timely Claims of Ineffective Assistance of Counsel**

    **1.   Standard**

The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks omitted); see U.S. Const. amend. VI. To establish ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that he suffered prejudice as a result of the deficiency. Strickland, 466 U.S. at 686–96. To show deficient performance, a petitioner must "establish that counsel was not acting within the broad norms of professional competence." Owens, 483 F.3d at 57 (citing Strickland, 466 U.S. at 687–91). To show prejudice, a petitioner must demonstrate that "there is a reasonable probability that, but for

---

[1] To the extent Petitioner's supplemental filing mentions grounds alleged in his initial filing, we find its discussion of same more general and therefore unhelpful in furthering his initial argumentation.

Civil No. 10-1960 (JAF)                                                                                          -6-

counsel's unprofessional error, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

To succeed on a claim of ineffective assistance of counsel, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Choices made by counsel that could be considered part of a reasonable trial strategy rarely amount to deficient performance. See id. at 690. Counsel's decision not to pursue "futile tactics" will not be considered deficient performance. Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999); see also Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (stating that failure to raise meritless claims is not ineffective assistance of counsel).

**2.   Claims**

   **a.   Failure to Prove Prior Convictions**

Petitioner argues that he stipulated to one prior conviction and that the government did not prove, nor attempt to prove, the other prior convictions that formed the basis for the sentencing court's application of 18 U.S.C. § 924(e). (Docket No. 1 at 3.) He concludes that the court, therefore, should not have applied § 924(e), but rather should have applied § 924(a)(2), which mandates a ten-year maximum sentence. (Id. at 3–6.) He claims that counsel was ineffective for failing to so argue at trial and on appeal. (Id.)

Petitioner's argument is foreclosed by federal law. Under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), violators of § 922(g)(1) who have had three prior convictions for violent felonies or serious drug offenses are subject to a fifteen-year minimum sentence. § 924(e)(1). The U.S. Supreme Court has rejected Petitioner's argument, that prior

Civil No. 10-1960 (JAF)                                                                                                      -7-

convictions under § 924(e) must be alleged and proven beyond a reasonable doubt before a jury. See United States v. McKenney, 450 F.3d 39, 45 (1st Cir. 2006) (citing Almendarez-Torres v. United States, 523 U.S. 224, 239 (1998)). The argument Petitioner makes is, therefore, meritless, and his counsel was not deficient for failing to make it.

### b.    Failure to Pursue Reconsideration of First Circuit Precedent

Petitioner claims that his counsel should have invited the First Circuit to reconsider its holding in United States v. Anderson, 921 F.2d 335 (1st Cir. 1990), that under ACCA, "a defendant's conviction for one predicate offense need not precede the commission of the next predicate offense." (Docket No. 1 at 9; see generally id. at 6–10.) He claims that Anderson is ripe for reconsideration because it contradicts holdings in, for example, the Third and Sixth Circuits. (Docket No. 1 at 8, 9 & n.7.) Specifically, he cites as current Third Circuit law United States v. Balascsak, 873 F.2d 673 (3d Cir. 1989), in which the Third Circuit held that prior convictions under ACCA must have been separated in time. (See Docket No. 1 at 8.)

Balascsak is no longer the law in the Third Circuit. See United States v. Mucha, 49 Fed. App'x 368, 371 (3d Cir. 2002) (noting that United States v. Schoolcraft, 879 F.2d 64 (3d Cir. 1989), superseded Balascsak). The Third Circuit uses the "separate episode" test to count prior convictions; under that test, "even brief differences in time between crimes suffice to constitute separate episodes" for the purposes of ACCA. Id. at 370–71; see also id. 371 & n. 2 (noting Seventh, Fourth, Second, Tenth, and Ninth Circuit opinions using that test). The Sixth Circuit also uses the "separate episodes" test. See, e.g., United States v. Thomas, 211 F.3d 316, 320 (6th Cir. 2000) (citing Fifth Circuit case using that test).

Civil No. 10-1960 (JAF) -8-

Petitioner's argument is based on the erroneous premise that <u>Anderson</u> contradicts the law in other circuits, namely the Third and the Sixth. The argument is meritless, and counsel was not deficient for failing to pursue it.

### c. **Failure to Impeach**

Petitioner claims that the testimony of one of the arresting officers, Sergeant Getulio Soler-Mercado, was crucial to the government's case and that it was, therefore, ineffective assistance for counsel to fail to impeach Soler-Mercado's testimony with evidence that he could not recall Petitioner's arrest when asked about it during a pretrial interview. (Docket No. 1 at 11–13.)

Upon review of the trial transcript, we find that counsel did, in fact, cross examine Soler-Mercado as to his faulty memory during a pretrial interview. (<u>See</u> Crim. No. 06-241, Trial Tr. 21–27, 34–35, Jan. 8, 2007.) We also find that a different arresting officer, who was in charge of the investigation, independently testified as to Petitioner's arrest. (<u>See id.</u> at 44–49.) We, therefore, find that counsel did not fail to bring the pretrial interview to the jury's attention and that Soler-Mercado's testimony was not crucial to the government's case. As Petitioner's argument, yet again, is based on erroneous premises, it lacks merit.

## IV.

### **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever we deny § 2255 relief, we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a

Civil No. 10-1960 (JAF)                                                                                                          -9-

constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  We see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we **DENY** Petitioner's § 2255 petition (Docket Nos. 1; 2). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, we summarily dismiss Petitioner's claims because it is plain from the record that he is entitled to no relief.  We **DENY AS MOOT** Petitioner's motion for discovery or an evidentiary hearing (Docket No. 5).

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 2nd day of August, 2011.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                United States District Judge